## MARMON ATLANTA CO., Inc., of GEORGIA v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. October 21, 1925.)

No. 4621.

Internal revenue ⬅️46—Automobile used for deposit and concealment of liquor to defraud government of tax thereon forfeitable only under Prohibition Act.

Automobile used for deposit and concealment of liquor, with intent to defraud the United States of tax thereon, is forfeitable only under National Prohibition Act, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), preserving the rights of innocent owners or lienholders.

In Error to the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

Libel by the United States for forfeiture of an automobile, resisted by the Marmon Atlanta Company, Inc., of Georgia, claimant. Judgment of forfeiture (5 F. [2d] 113), and claimant brings error. Reversed and remanded for new trial.

Donald K. Johnston and Chas. G. Reynolds, both of Atlanta, Ga., for plaintiff in error.

J. W. Hanley, Asst. U. S. Atty., of Atlanta, Ga.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

PER CURIAM. This is a libel under R. S. § 3450 (Comp. St. § 6352) for the forfeiture of an automobile which was alleged to have been used by a person unknown to the district attorney in the removal and for the deposit and concealment of 54 gallons of distilled spirits with intent to defraud the United States of the tax thereon. The forfeiture was resisted by the plaintiff in error, which set up a claim to the automobile, based upon a lien retained for the unpaid part of the purchase price on the sale of it by the claimant to one Hopkins. The case was submitted for decision by the court without a jury. The findings of the court included one to the effect that the asserted lien of the claimant was bona fide, and was created without the lienor having any notice that the automobile was to be used for illegal transportation of liquor. The claim of the plaintiff in error was rejected, and the automobile was condemned, forfeited, and ordered to be sold at public sale.

The court's rulings are not reconcilable with a recent decision of this court to the effect that, under the state of facts disclosed, the automobile was not forfeitable otherwise than under section 26 of the National Prohibition Act (41 Stat. 315 [Comp. St. Ann. Supp. 1923, § 10138½mm]), which preserves the rights of innocent owners or lienholders. United States v. Garth Motor Co. (C. C. A.) 4 F. (2d) 528.

Following that decision, the judgment is reversed, and the cause is remanded for a new trial.

Reversed.